IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JTH TAX LLC d/b/a LIBERTY TAX SERVICE, | No. |
| Plaintiffs, | **VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** |
| vs. | |
| THERESE MAHONEY, T&G MAHONEY, LLC and WOOFIGANS CORPORATIONS d/b/a KETCHIKAN TAX SOLUTIONS, | |
| Defendants. | |

Plaintiff JTH Tax LLC d/b/a Liberty Tax Service ("Liberty"), by and through its undersigned attorney, and for its Verified Complaint for Injunctive Relief and Damages alleges as follows:

## THE PARTIES

1. Liberty is a Delaware limited liability company with its principal place of business in the Commonwealth of Virginia. For jurisdictional purposes, Liberty is a citizen of Canada because each of Liberty's members are domiciled in Canada.

2. Defendant Therese Mahoney ("Mahoney") is an Alaska Citizen residing in Ketchikan, Ketchikan Gateway Borough, Alaska. She is a signatory to certain contracts with Liberty.

3. Defendant T&G Mahoney, LLC ("TGM") is an Alaska LLC with its principal place of business in Ketchikan, Ketchikan Gateway Borough, Alaska. On information and belief, Mahoney is the sole member of TGM.

Page 1 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

GORDON REES SCULLY MANSUKHANI, LLP
PO Box 220994
Anchorage, AK 99522
Phone: (907) 323-0199
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 1 of 20

4. Defendant Woofigans Corporations ("Woofigans") is an Alaska Corporation doing business as "Ketchikan Tax Solutions" ("KTS"). On information and belief, Woofigans' sole and principal place of business is in Ketchikan, Ketchikan Gateway Borough, Alaska.

5. On information and belief, Woofigans' shares are 100% owned by George Mahoney, Mahoney's spouse.

## JURISDICTION AND VENUE

6. The Court has original subject matter jurisdiction pursuant to the Defending Trade Secret Act, 18 U.S.C. § 1836, *et seq.*, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the state law claims form part of the same case or controversy as the claims under the Lanham Act and Defending Trade Secrets Act.

7. This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because the Parties' citizenship is completely diverse and the amount in controversy exceeds $75,000.

8. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside in this District and a substantial part of the actions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

### A. PLAINTFFS' BACKGROUND

9. Liberty is a franchisor of Liberty Tax Service® income tax preparation service centers located throughout the United States.

10. Liberty owns federally registered Liberty Tax Service® trademarks, service marks, logos, and derivations thereof (the "Marks"), including U.S. Registration Nos. 2314991, 2467670, 2479692, 3167134, and 5509978, as well as the Liberty Tax Service® system, which sells income tax preparation and filing services and products to the public under the Marks.

Page 2 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

GORDON REES SCULLY MANSUKHANI, LLP
PO Box 220994
Anchorage, AK 99522
Phone: (907) 223-0199
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 2 of 20

11. Liberty has invested considerable time and resources into the development and goodwill of its Marks. As a result of these efforts and expenditures, the Marks have become associated in the minds of consumers with uniform goods and services of consistently high quality, provided only by persons following Plaintiff's respectively approved sales, operating methods, and procedures.

12. Liberty grants licenses to franchisees to use its Marks and participate in its confidential and proprietary business systems pursuant to a written franchise agreement, which is reasonably and carefully tailored to protect Liberty's valuable confidential information, reputation, goodwill, and other legitimate business interests.

13. Liberty discloses certain confidential information, including methods of operation of franchises, customer contact information and files, and marketing plans ("Confidential Information"), to franchisees through its Operations Manuals, training manuals, training programs, and in providing guidance and assistance to its franchisees pursuant to their franchise agreements.

14. Liberty's Confidential Information is not generally known to the public, is subject to reasonable protection, and has independent value, and thus constitutes Trade Secrets.

15. Liberty requires that all franchisees agree to never use, disclose, or permit the use or disclosure of Liberty's Confidential Information following the termination of their franchise agreement.

16. To that end Liberty requires that all franchisees immediately return all copies of its confidential Operations Manuals, which contains Liberty's Confidential Information and trade secrets, upon the termination of their franchise agreement.

///

Page 3 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

GORDON REES SCULLY MANSUKHANI, LLP
PO Box 220994
Anchorage, AK 99522
Phone: (907) 223-0199
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 3 of 20

17. January to April (*i.e.* the tax season) is Plaintiff's busiest time of year, during which time Liberty generates approximately 90% of its annual revenue.

### B. MAHONEY'S FRANCHISE AGREEMENT WITH LIBERTY

18. On December 19, 2013 TGM entered into a franchise agreement with Liberty ("Franchise Agreement"). A copy of the Franchise Agreement is attached hereto as **Exhibit A**.

19. Mahoney executed the Franchise Agreement on behalf of TGM as its owner.

20. Under Section 23 of the Franchise Agreement, Mahoney and TGM agreed that by signing the Franchise Agreement on behalf of TGM, they were obligated to abide by all terms in the Franchise Agreement.

21. The Franchise Agreement gave TGM an exclusive territory in which it could operate a Liberty franchise ("Franchised Business" or "Franchise") and use the Marks in Southeast Alaska/the Alaska Panhandle (the "Franchise Territory").

22. The Franchise Agreement was for an initial term of five (5) years, subject to renewal.

23. Commencing in December of 2013, Mahoney operated TGM's Liberty franchise at 2450 Tongass Avenue, Ketchikan, Alaska ("Franchise Location").

24. From 2013 until termination of the Franchise Agreement, the Franchise Location did business as TGM.

25. The Franchise Agreement requires TGM and Mahoney to protect and not use or disclose for the benefit of herself or any third party Liberty's Confidential Information and trade secrets, including but not limited to customers lists, procedures, and other protected information, in perpetuity.

///

Page 4 - VERIFIED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES

GORDON REES SCULLY MANSUKHANI, LLP
PO Box 220994
Anchorage, AK 99522
Phone: (907) 223-0199
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 4 of 20

26. Upon termination of the Franchise Agreement, TGM and Mahoney had the duty to, among other things, immediately (a) stop identifying as a Liberty franchisee; (b) cease use of the Marks; and (c) pay all note and accounts receivable debts due and owing to Liberty.

27. Pursuant to Section 10.b. of the Franchise Agreement, TGM and Mahoney agreed to a post-termination covenant not to compete for two years following the termination of the Franchise Agreement within the Territory and within twenty-five miles of the boundaries of the Territory. Ex. A § 10.b.

28. TGM and Mahoney also agreed to not solicit any of Liberty's customers for the same period of time and in the same area as described in the non-compete. Ex. A § 10.d.

29. The post-termination non-competition and non-solicitation covenants contained in Section 10 of the Franchise Agreement are necessary to protect Liberty's legitimate, protectable interest in its franchise business, but not limited to: (a) maintaining and protecting its goodwill and customer loyalty, (b) retaining its Plaintiff's customer relationships; (c) protecting the value and confidentiality of its customer lists, customer identification, tax returns, and other Confidential Information and (d) preserving its right to operate of Liberty branded franchises where the Territory.

30. Pursuant to Section 10.h. of the Franchise Agreement, TGM and Mahoney agreed "that the provisions of Section 10 are reasonable, valid and not contrary to the public interest." *Id.* To that end, TGM and Mahoney agreed to "waive all defenses to the strict enforcement of Section 10," and further agreed that "Liberty is entitled to a temporary restraining order, preliminary and/or permanent injunction for any breach of duties under any of the non-monetary obligations" of Sections 9 and 10. *Id.*

///

Page 5 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

GORDON REES SCULLY MANSUKHANI, LLP
PO Box 220994
Anchorage, AK 99522
Phone: (907) 223-0100
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 5 of 20

### C. TERMINATION OF THE FRANCHISE AGREEMENT

31. Pursuant to the Franchise Agreement, TGM and Mahoney was to notify Liberty of any intent to renew the Franchise Agreement within 180 days prior to the expiration of the Franchise Agreement.

32. Mahoney did not inform Liberty of any desire to renew the Franchise Agreement. Consequently, Liberty accepted and agreed to Mahoney's implicit, voluntary election to non-renew the Franchise Agreement.

33. On October 14, 2019, Plaintiff informed Mahoney and TGM in writing that, effective as of that date, the Franchise Agreement was not renewed and TGM and Mahoney no longer retained any rights to the Franchise Territory, which had the effect of immediately terminating the Franchise Agreement ("Termination Notice"). A copy of the Termination Notice is attached hereto as **Exhibit B**.

34. Consistent with the Franchise Agreement, the termination of the Franchise Agreement immediately triggered TGM and Mahoney's post-termination obligations, including but not limited to their duty to adhere to their duties to not to compete, solicit, or operate a competing tax business for a period of two years within twenty-five miles of their former Liberty office.

### D. DEFENDANTS' UNLAWFUL COMPETITION WITH LIBERTY

35. Following the termination of her Franchise Agreement, Mahoney's company Woofigans, doing business as "Ketchikan Tax Solutions" opened a location 2450 Tongass Avenue, Ketchikan, Alaska, *i.e.* the same location as Mahoney's former Franchise Location.

36. Woofigans, doing business as "Ketchikan Tax Solutions," offers the same tax preparation services as Liberty

Page 6 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

GORDON REES SCULLY MANSUKHANI, LLP
PO Box 220994
Anchorage, AK 99522
Phone: (907) 222-3430
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/07/22   Page 6 of 20

37. On information and belief, Woofigans is a tax preparation business, which directly competes with Liberty and has been soliciting Liberty's customers.

38. Mahoney is the sole employee of Woofigans and either directly or indirectly provides and/or solicits tax preparation services through Woofigans.

39. Upon information and belief, Mahoney provided Liberty's Confidential Information to Woofigans, and Woofigans has used Liberty's Confidential Information to unlawfully compete with Liberty.

40. On information and belief, Mahoney has violated the non-solicitation clauses of the Franchise Agreement by pursuing her former Liberty customers on behalf of "Ketchikan Tax Solutions".

41. Each of these violations creates significant confusion for customers regarding who is operating the Franchise Location, and degrades the value of Liberty's Confidential Information, goodwill, and reputation.

42. Each of these violations harms the franchisee-franchisor relationship that Plaintiff has with other franchisees, diminishes Plaintiff's brand, harms its respective good will in the community, and reduces the likelihood of return business from its customers. Each of these things cause Plaintiffs irreparable harm.

43. Moreover, Mahoney's actions will permit her and Woofigans to unjustifiably benefit from Plaintiffs' brand recognition, reputation, and good will in the community.

44. Each of these violations has caused and will continue to cause irreparable harm to Liberty's Confidential Information, franchise system, goodwill and reputation.

///

///

Page 7 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

GORDON REES SCULLY MANSUKHANI, LLP
PO Box 220994
Anchorage, AK 99522
Phone: (907) 223-0199
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 7 of 20

45. As a result, Liberty seeks (a) an immediate and permanent injunction prohibiting Mahoney from directly or indirectly operating or performing services for a competing business in the area restricted by the Franchise Agreement, (b) an immediate and permanent injunction requiring Mahoney and TGM to comply with all post-termination obligations under the Franchise Agreements, including their agreement to forever refrain from using Liberty's Confidential Information following the termination of the Franchise Agreement; and (c) monetary damages related to Defendants' unlawful conduct.

## COUNT I

### Violation of the Defend Trade Secrets Act Against All Defendants

46. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

47. The Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq., provides a private civil action for the misappropriation of a trade secret that is related to a product or service used in, or intended for use in, interstate or foreign commerce.

48. Plaintiff owns numerous trade secrets, including, but not limited to, their Confidential Information, Operations Manual, training manuals, training programs, marketing strategies, marketing programs, and current and prospective customer lists.

49. Each of Plaintiff's trade secrets derives independent economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

50. Plaintiff's trade secrets are not readily ascertainable by the public as they are disclosed only to franchisees in the operation of a franchised business pursuant to a franchise agreement or to area developers in order to obtain prospective franchisees.

Page 8 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

GORDON REES SCULLY MANSUKHANI, LLP
PO Box 220994
Anchorage, AK 99522
Phone: (907) 223-0199
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 8 of 20

51. Plaintiff has taken extensive measures to preserve and protect these trade secrets in order to maintain its competitive advantage in the marketplace.

52. During the operation of the Franchised Businesses, Plaintiff's trade secrets were disclosed to Mahoney and TGM for the sole purpose of operating the Franchised Businesses pursuant to the Franchise Agreement.

53. The Franchise Agreement explicitly provides for the protection of such trade secrets, including requiring the delivery of all originals and copies of such information to Plaintiff upon expiration, termination, or nonrenewal of the Franchise Agreement, requiring former franchisees and their representatives to maintain the confidentiality of the information, and requiring former franchisees and their representatives to never use the information for any purpose other than operating a Franchised Business pursuant to the Franchise Agreements.

54. Plaintiff required and Mahoney and TGM agreed that, upon expiration, termination, or nonrenewal of the Franchise Agreement, they would never use, disclose, or permit the use or disclosure of Plaintiff's trade secrets in any manner whatsoever.

55. Based on information and belief, Mahoney and TGM, in direct violation of the Franchise Agreement, shared such trade secrets, Confidential Information, and proprietary information with Woofigans, its employees, and George Mahoney. Mahoney and TGM were aware that the information they supplied to Woofigans constituted trade secrets, which were confidential and proprietary to Plaintiff.

56. Based on information and belief, without authority or consent from Plaintiff, Defendants used the trade secrets (including business know-how, customer lists, and customer contact information) that Mahoney and TGM obtained while operating the former Franchised Business to obtain business for themselves, thereby misappropriating Plaintiff's trade secrets.

Page 9 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

GORDON REES SCULLY MANSUKHANI, LLP
PO Box 220994
Anchorage, AK 99522
Phone: (907) 223-0190
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 9 of 20

57. Mahoney and TGM, intentionally and without Plaintiffs' permission or authorization, misappropriated and/or disclosed Plaintiff's trade secrets to Woofigans and/or George Mahoney for their own economic benefit and with the intention and knowledge that their conduct would injure Plaintiff by, for example, causing Plaintiff to lose any customers successfully solicited by Defendants.

58. As a direct and proximate result of Mahoney's and TGM's willful, improper, and unlawful disclosure and Defendants' willful, improper, and unlawful use of Plaintiff's trade secrets, Plaintiff has suffered and will continue to suffer irreparable injury.

59. Pursuant to 18 U.S.C. § 1836(b)(3)(A), in light of Defendants' actual and threatened use and misappropriation of Plaintiff's trade secrets, Defendants should be enjoined from further disclosure or use of Plaintiff's trade secrets.

60. Pursuant to 18 U.S.C. § 1836(b)(3)(B), Plaintiff is entitled to recover damages for its actual losses; and/or is entitled to recover for the unjust enrichment caused by Defendants' misappropriation of Plaintiff's trade secrets in an amount to be proven at trial.

61. Defendants' conduct in misappropriating Plaintiff's trade secrets was and continues to be willful and malicious, warranting an award of exemplary damages under 18 U.S.C. § 1836(b)(3)(C) and reasonable attorney's fees in accordance with 18 U.S.C. § 1836(b)(3)(D).

## COUNT II

### Violation of Alaska's Uniform Trade Secrets Act – Against all Defendants

62. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

///

Page 10 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

GORDON REES SCULLY MANSUKHANI, LLP
PO Box 220994
Anchorage, AK 99522
Phone: (907) 223-0100
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 10 of 20

63. The Alaska Uniform Trade Secrets Act, AS 45.50.910 et seq., provides a private civil action for the misappropriation of a trade secret.

64. For reasons stated in Court I, Defendants violated Alaska's Uniform Trade Secrets Act.

65. Consistent with AS 45.50.910, Defendants should be enjoined from further violations.

66. Consistent with AS 45.50.915, the Court should award damages to Plaintiff for the successful prosecution of this action.

## COUNT III

### Breach of Contract Against Mahoney and TGM

### (Equitable Claim)

67. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

68. Pursuant to Section 10(a), (b), and (d) of the Franchise Agreement, Mahoney and TGM agreed not to operate competing tax preparation services or to solicit Plaintiff's customers and to refrain from competing with Plaintiff upon termination of the Franchise Agreements.

69. The non-competition and non-solicitation covenants are a substantial part of the consideration given to Mahoney and TGM in exchange for the Franchise Agreement.

70. The non-compete provisions of the Franchise Agreement are reasonably necessary to protect Plaintiff's legitimate business interests. These provisions survive the end of the Franchise relationship.

///

///

Page 11 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**GORDON REES SCULLY MANSUKHANI, LLP**
PO Box 220994
Anchorage, AK 99522
Phone: (907) 223-0199
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 11 of 20

71. Upon information and belief, Mahoney and TGM are competing by operating or aiding in the operation of Woofigans/KTS, which is within twenty-five miles of their former Territory.

72. Upon information and belief, Mahoney and TGM solicited clients from Plaintiff in the area restricted by the Franchise Agreement through Woofigans/KTS within two years of the termination of the Franchise Agreement.

73. Plaintiff has a legitimate business interest in its valuable confidential business information, substantial business relationships with existing and prospective customers, and the goodwill associated with the Territory governed by the Franchise Agreement.

74. As a result of the operation of, employment by, or direct and/or indirect contributions to a directly competitive business, Plaintiff has incurred and will continue to incur not only monetary damages for which Mahoney and TGM are liable but also irreparable harm for which it has no adequate remedy at law to protect its substantial business and property rights.

75. An injunction should be entered prohibiting Defendants' wrongful actions.

76. Unless their wrongful conduct is enjoined, Defendants will continue to breach their obligations by continuing to breach the non-competition and non-solicitation covenants, and continuing to disclose and use Liberty's Confidential Information.

## COUNT IV
### Breach of Contract Against Mahoney and TGM
### (Equitable Claim)

77. Liberty repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

///

///

Page 12 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

GORDON REES SCULLY MANSUKHANI, LLP
PO Box 220994
Anchorage, AK 99522
Phone: (907) 223-0400
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 13 of 20

78. Pursuant to Section 10(a), (b), and (d) of the Franchise Agreement, Mahoney and TGM agreed not to operate competing tax preparation services or to solicit Plaintiff's customers and to refrain from competing with Plaintiff upon termination of the Franchise Agreements.

79. The non-competition and non-solicitation covenants are a substantial part of the consideration given to Mahoney and TGM in exchange for the Franchise Agreement.

80. The non-compete provisions of the Franchise Agreement are reasonably necessary to protect Plaintiff's legitimate business interests. These provisions survive the end of the Franchise relationship.

81. Upon information and belief, Mahoney and TGM are competing by operating or aiding in the operation of Woofigans/KTS, which is within twenty-five miles of their former Territory.

82. Upon information and belief, Mahoney and TGM solicited clients from Plaintiff in the area restricted by the Franchise Agreement through Woofigans/KTS within two years of the termination of the Franchise Agreement.

83. Plaintiff has a legitimate business interest in its valuable confidential business information, substantial business relationships with existing and prospective customers, and the goodwill associated with the Territory governed by the Franchise Agreement.

84. Under section 10(c) of the Franchise Agreements, Mahoney breach of the non-compete provisions triggers a liquidated damages clause. That clause requires Mahoney and TGM to pay the greater of either two times the royalties payable from the gross fees she earned or two times the actual damages caused by the violations.

85. As a direct and proximate result of the foregoing breaches, Liberty has incurred, and will continue to incur, substantial losses in an amount to be proven at trial.

Page 13 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**GORDON REES SCULLY MANSUKHANI, LLP**
PO Box 220994
Anchorage, AK 99522
Phone: (907) 223-0190
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 14 of 20

## COUNT V

### Conversion Against All Defendants

86. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

87. As set forth above, Mahoney and TGM are obligated to return all Confidential Information to Plaintiffs.

88. Plaintiff has a right to possess the Confidential Information.

89. Following their termination, Mahoney and TGM had no right to the Confidential Information.

90. On information and belief, Defendants have constructive and physical possession, dominion, and control over, and have otherwise interfered with the Confidential Information, including specifically Liberty's customer lists and information, confidential Operations Manual

91. The interference has deprived Plaintiff of possession and use of the personal property in question.

92. Plaintiff has suffered damages as a result of such unlawful dominion and control by Defendants.

## COUNT VI

### Unjust Enrichment Against Mahoney and Woofigans

93. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

94. By its actions, including but not limited to entering into the Franchise Agreement with Mahoney, Plaintiff conferred a benefit to Mahoney.

///

Page 14 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

GORDON REES SCULLY MANSUKHANI, LLP
PO Box 220994
Anchorage, AK 99522
Ph: (907) 490-2223
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 15 of 20

95. By her actions, including but not limited to entering into the Franchise Agreement, operating a franchise, and obtaining Confidential Information, TGM and Mahoney appreciated the benefit conferred by Plaintiff.

96. Mahoney accepted and retained those benefits conferred by Plaintiff but did not provide reasonable compensation to Plaintiff for the benefits conferred.

97. Following the termination of the Franchise Agreement, Mahoney and TGM provided some of the benefits received from Plaintiff to Woofigans.

98. Woofigans accepted and used the benefits Liberty provided TGM and Mahoney for Woofigan's benefit without providing any consideration to Liberty.

99. It would be inequitable for Defendants to retain those benefits without paying the value thereof, and thus the retention of that benefit is unjust.

100. Plaintiff has been damaged as a direct and proximate result of Defendants' retention of the benefits described herein.

## COUNT VII

### Tortious Interference with Business Relations Against Woofigans

101. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

102. The Franchise Agreements are valid and enforceable.

103. Each and every Defendant knew of the existence of the Franchise Agreements and the terms thereof.

104. Defendants knew the obligations contained in the Franchise Agreement, including obligations to maintain the confidentiality of Plaintiff's Confidential Information, maintaining the confidentiality of Plaintiff's customer information, the franchisee's obligation to refrain from

Page 15 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

GORDON REES SCULLY MANSUKHANI, LLP
PO Box 220994
Anchorage, AK 99522
Phone: (907) 223-0199
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 16 of 20

operating a competitive business during and after the term of the Franchise Agreement, as well as all post-termination obligations, including the post termination non-compete and non-solicitation obligations.

105. Plaintiff had a reasonable business expectancy to continue to do business with its former franchisee's existing customers and to begin doing business with its former franchisee's prospective customers. Woofigans had a duty to not interfere with those relationships.

106. Plaintiff has a reasonable business expectancy of doing uninterrupted business with its other franchisees. Defedants had a duty to not interfere with those relationships.

107. Defendants intentionally and improperly interfered with Plaintiff's business relationships by:

   a. Competing with Plaintiff and soliciting its customers within two years after termination of the franchise relationship with Mahoney;
   b. Disclosing Plaintiff's Confidential Information without the consent or authorization of Plaintiff; and
   c. Using Plaintiff's Marks to induce customers to use Defendants' services.

108. As a result of Defendants' tortious conduct, Mahoney and TGM breached the Franchise Agreements with Plaintiffs.

109. Defendants' tortious interference with Plaintiff's business relationships regarding Plaintiff's customers was intentional and without justification.

110. Defendants' tortious interference has caused Plaintiff to suffer irreparable injury and Plaintiff will continue to suffer irreparable injury unless Defendants are enjoined from further tortious interference with Mahoney's compliance with the terms of the Franchise Agreement.

Page 16 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**GORDON REES SCULLY MANSUKHANI, LLP**
PO Box 220994
Anchorage, AK 99522
Phone: (907) 222-0109
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 17 of 20

111. As a direct and proximate result of Defendants' tortious interference, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial, including, but not limited to, compensatory damages, consequential damages, and disgorgement of Defendants' profits.

## PRAYER FOR RELIEF

WHEREFORE, Liberty prays for the following relief:

1. For the following injunctive relief:

    A. Enjoin Defendants from soliciting Liberty's customers within twenty-five miles of her former Liberty franchise for two years following the entry of any injunction;

    B. Enjoin Defendants from preparing or electronically filing income tax returns within twenty-five miles of the Territory for a period of two years following the entry of any injunction;

    C. Order Defendants to return to Liberty, at her own expense, all printed materials provided by Liberty to Defendants, including, without limitation, Liberty's confidential Operations Manual and all customer lists, advertising material, stationery and printed forms bearing the Marks and/or Liberty's Confidential Information; and

    D. Enjoin Defendants from using Liberty's Confidential Information and Trade Secrets in perpetuity.

2. For compensatory and, if applicable, punitive damages arising from Defendants' common law violations;

Page 17 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

GORDON REES SCULLY MANSUKHANI, LLP
PO Box 220994
Anchorage, AK 99522
Phone: (907) 222-4878
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 18 of 20

3. For statutory and punitive damages stemming from Defendants' violation of the DTSA;

4. For a monetary award against Defendants for Liberty's reasonable attorneys' fees and costs, in an amount to be proven at trial;

5. For pre- and post-judgment interest; and

6. For such other relief as the Court deems just and appropriate.


Dated: March 9, 2022    **GORDON REES SCULLY MANSUKHANI, LLP**


By: *s/ George Cruickshank*
George Cruickshank, Bar No. 0105019
gcruickshank@grsm.com
PO Box 220994
Anchorage, AK 99522
Phone: (907) 223-0199
Fax: (907) 302-5100

W. Gregory Lockwood,
(pro hac vice forthcoming)
wglockwood@grsm.com
1300 SW Fifth Ave., Suite 2000
Portland, OR 97201
Direct: (503) 382-3855
Fax: (503) 616-3600

*Attorneys for Plaintiff JTH Tax LLC d/b/a Liberty Tax Service*

Page 18 - VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

GORDON REES SCULLY MANSUKHANI, LLP
PO Box 220994
Anchorage, AK 99522
Phone: (907) 223-0199
Fax: (907) 302-5100

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 19 of 20

## VERIFICATION

GEOFF KNAPP does hereby verify and state pursuant to 28 U.S.C. § 1746:

I am Regional Developer for JTH Tax, LLC d/b/a Liberty Tax Service ("Liberty"). I have read the foregoing Verified Complaint and know the contents thereof and state the allegations are true. I base this Verification on my own knowledge, except as to matters therein stated to be alleged upon information and belief and, as to those matters, I believe them to be true. The grounds of my knowledge, information, and belief are derived from my position as Regional Developer at Liberty, my personal involvement in the event underlying this litigation, and general investigation of the facts and circumstances described in the Verified Complaint, including, without limitation, my review of Liberty's records and conversations with Liberty's employees.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the ___9th___ day of March, 2022.

DocuSigned by:
Geoff Knapp
BABABAC50B57469...
GEOFF KNAPP

COMPLAINT - PAGE 19 OF 19

1242328/6524671

**GORDON REES SCULLY MANSUKHANI**
121 SW Morrison Street, Suite 1575
Portland, OR 97204

Case 1:22-cv-00003-HRH   Document 1   Filed 03/10/22   Page 20 of 20