IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JTH TAX, LLC, d/b/a Liberty Tax Service,<br><br>                          Plaintiff,<br><br>     vs.<br><br>THERESE MAHONEY, T&G MAHONEY, LLC, and WOOFIGANS CORPORATIONS, d/b/a Ketchikan Tax Solutions,<br><br>                          Defendants. | No. 1:22-cv-0003-HRH |

STIPULATED INJUNCTION AND DISMISSAL ORDER[1]

       The parties, Plaintiff JTH Tax, LLC, d/b/a Liberty Tax Service ("Liberty"), and Defendants Therese Mahoney, T&G Mahoney, LLC, and Woofigans Corporations, d/b/a Ketchikan Tax Solutions (collectively, "Defendants") (Liberty and Defendants are collectively referred to as "the Parties"), by and through counsel, stipulate to the following:

       WHEREAS, Liberty initiated the instant action, by way of Verified Complaint,[2] on March 9, 2022 (the "Complaint");

       WHEREAS the Parties have resolved all disputes between them through a confidential settlement agreement; and

       It appearing upon the agreement of Liberty and Defendants to this Action;

---

[1] See Docket No. 23, filed March 31, 2023.

[2] Docket No. 1.

STIPULATED INJUNCTION AND DISMISSAL ORDER                    - 1 -

IT IS HEREBY STIPULATED AND ORDERED, as follows:

Terms used herein shall have the same meaning as set forth in the Verified Complaint and attachments thereto.[3]

An injunction be and is hereby entered against each of the Defendants, together with their respective officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with Defendants (hereinafter, the "Defendants"), which shall remain in force and effect, by agreement, up to and including April 30, 2025, as set forth below:

1. Enjoining each of the Defendant Parties from directly or indirectly, for a fee or charge, preparing or electronically filing income tax returns, or offering Financial Products at the former Franchise Location, which was located at 2450 Tongass Avenue, Ketchikan, Alaska ("Franchise Location"), in the AK003 Territory (the "Territory") in violation of the Settlement Agreement;

2. Enjoining each of the Defendant Parties from directly or indirectly, for a fee or charge, preparing or electronically filing income tax returns, or offering Financial Products within twenty-five miles of the Territory in violation of the Settlement Agreement;

3. Enjoining each of the Defendant Parties from using any of the Marks or any confusingly similar name, device, mark, trademark, trade name, slogan, or symbol used in connection with any Liberty Tax Service® franchise, including any reproduction, counter-

---

[3]See Docket No. 1.

feit copy, variation, emulation, or colorable imitation thereof in a manner which is likely to cause confusion or mistake or deceive the public;

4. Enjoining each of the Defendant Parties from employing or seeking to employ any person who is employed by Liberty or any Liberty franchise, or otherwise inducing or seeking to induce such person to leave his or her employment in violation of the Settlement Agreement;

5. Enjoining each of the Defendant Parties from using any of Liberty's Confidential Information as set forth in Section 12(a) of the Franchise Agreement, including, but not limited to, methods of operation, customer information, and marketing information;

6. Enjoining each of the Defendant Parties from directly or indirectly soliciting any person or entity served by Defendants' former Franchised Business within twenty-five miles of the Territory, for the purpose of offering such person or entity, for a fee or charge, income tax preparation, electronic filing of tax returns, of Financial Products in violation of the Settlement Agreement;

7. Within 10 days of the date of this Order, Defendants shall, at Defendants' cost, deliver to Liberty all operating manuals, proprietary information, confidential material, marketing and advertising materials, customer lists, and any other written materials containing any of Liberty's trademarks, confidential information, or otherwise related to Defendants' former Franchised Business, within Defendants' possession, custody, or control;

8. Within 10 business days from the date of this Order, Defendants shall, at Defendants' cost, deliver to Liberty an electronic database and hard copy list of the names,

telephone numbers, complete mailing address, frequency of service, last date of service and price of such service for all customers serviced by Defendants' former Franchised Business and the names, address and telephone number of the employees rendering such service to each customer, to the extent any customers were serviced outside of the Liberty system and/or through software other than Liberty's;

9. The Defendant Parties shall cease using any of Liberty's distinctive, proprietary or confidential operational, administrative or advertising techniques, systems or know-how, or trade secrets that Liberty disclosed to Defendants;

10. Enjoining Defendants from holding themselves out as current or former Liberty franchisees;

11. Enjoining Defendants; officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with Defendants or their respective officers, agents, servants, employees, or attorneys from interfering or hindering Defendants' compliance with the terms of the Franchise Agreement;

12. Enjoining the Defendants from transferring any assets of the former Franchised Business, including customer information, to any third-party. This provision shall not bar Defendants from transferring the lease to a third-party, other than (a) an individual or business performing tax preparation services or offering Financial Products or (b) any of the defendants in this action or their respective business entities, officers, agents, servants, employees, or attorneys, or any person or business entity acting in concert with any of the foregoing, so long as Liberty does not receive an assignment of same from the Defendants' landlord; and

13. Should the Defendants' actions result in Liberty moving to enforce this Stipulated Injunction, including, but not limited to, filing a subsequent motion for a temporary restraining order and preliminary injunction, the prevailing party shall be entitled to its attorneys' fees and costs.

14. This Court shall retain jurisdiction over enforcement of this agreement.

15. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Liberty and Defendants, by and through their respective counsel, stipulate to the dismissal of all claims in this case with prejudice, with each party to bear its/his own costs and attorneys' fees.

DATED at Anchorage, Alaska, this  4th  day of April, 2023.

/s/  H. Russel Holland
United States District Judge